# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS

JENNIFER MOUNTAIN,

    Plaintiff.

vs.

AMANDA COLLINS,

KELLI GRAVELLE,

JOHN DOE'S 1-1,000 et al.

    Defendants.

Case No. 16-5316 PKH

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
NOV 07 2016
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

Jennifer Mountain
4414 Stonecrest
Springdale, AR 72762
479-283-0063
holidayapparelco@gmail.com
*Plaintiff Pro Se*

Plaintiff Jennifer Mountain alleges and avers as follows:

**PARTIES**

1. Plaintiff Jennifer Mountain is a citizen of the state of Arkansas and runs an online shop, Holiday Apparel, selling "santa sack" products on Etsy.com. Plaintiff sells products bearing her original designs and is not involved in reselling licensed designs or designs created by other persons or businesses.

2. Defendant Amanda Collins is a citizen of the state of South Dakota, residing at: 521 12th St S, Lot 91, Brookings, South Dakota, 57006-3864. Collins sells products via online

COMPLAINT

-1-

channels such as Etsy and Facebook, and likely additional channels as well. Collins further organizes, promotes, and runs "buy-in" groups on Facebook where members of the group submit orders to Collins with the goal of reaching an MOQ (minimum order quantity), upon which met, Collins places large wholesale orders of 1,000+ units to have a product manufactured and then distributed to herself and the members of her buy-in group for the purpose of reselling in online and offline channels.

3. Defendant Kelli Gravelle is a citizen of the state of Maryland, residing at: 13212 Maple Grove Avenue, Reisterstown, Maryland, 21136. Collins sells products via online channels such as Etsy and Facebook, and likely additional channels as well. Gravelle has participated in buy-in groups organized by Defendant Amanda Collins and has purchased products through such groups.

4. Defendants JOHN DOE'S 1-1,000 are inserted for other participants of Etsy, Facebook, and other channels who are unknown to the Plaintiff and who are attempting to assert unlawful rights to Plaintiff's copyright.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's Copyright Act claims under 28 U.S.C. §§ 1331, 1332, and 2201. This Court has personal jurisdiction over Defendants under the test established in *Calder v. Jones*, 465 US 783 (1984), applying Colo. Rev. Stat. § 13-1-124. The Defendants' intentional and tortious actions are expressly aimed at Arkansas due to the infringed work's exclusive owner and creator residing in Arkansas. Venue is proper in this District under 28 U.S.C. § 1391(b).

6. This Court also has jurisdiction under the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. § 512 (g)(3)(D) which provides that "jurisdiction of Federal District Court for the judicial district in which the address of the Plaintiff is located."

7. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17U.S.C. § 101 e/seq.

COMPLAINT

**GENERAL ALLEGATIONS**

8. Plaintiff brings this action seeking an immediate injunction to stop the Defendants' blatant and purposeful copyright infringement of her design, titled "Santa Sack Design 1."

9. Plaintiff brings this action to recover monetary damages suffered as a result of the Defendants' blatant and purposeful copyright infringement of her design, titled "Santa Sack Design 1."

10. Plaintiff is the original, sole creator of Santa Sack Design 1. Plaintiff has exclusive copyright ownership of Santa Sack Design 1 and is the sole licensee. The Plaintiff has given permission to no person or company to use or display Santa Sack Design 1, nor has the plaintiff entered into any licensing agreements for Santa Sack Design 1 with any person or company.

11. Plaintiff Jennifer Mountain runs an online Etsy shop, Holiday Apparel, in which she sells products decorated with her own exclusive designs. The Santa Sack Design 1 product is a top seller for her shop with significant exposure on Etsy.

12. Both Defendants, Amanda Collins and Kelli Gravelle, have been, and are currently, without permission or license, using an exact copy of the Plaintiff's artwork, Santa Sack Design 1. They are willfully and persistently engaging in copyright infringement by selling products (santa sacks/bags) displaying the Plaintiff's exact design, identical in nature, exactly the same in design, layout and color.

13. Plaintiff has realized significant success on Etsy through the sales of her Santa Sack Design 1 products, selling 645 units in November-December 2015 in her Etsy shop Holiday Apparel alone. Plaintiff's Santa Sack Design 1 product's popularity has earned it top placement on Etsy search for high volume queries such as "santa sack" and "santa bag," providing significant exposure for her products, shop, and brand.

14. Both Defendants have made brazen and improper effort to capitalize on Plaintiff's success by obtaining and selling the infringing products online through ecommerce channels such as Etsy, Facebook, and others, across the United States and in other

COMPLAINT

countries. Both Defendants are creating direct competition against the Plaintiff and causing significant monetary damages to the Plaintiff's business.

15. Plaintiff has advised both Defendants that they are committing copyright infringement by selling Santa Sack Design 1 products. Plaintiff has advised both Defendants to cease selling infringing Santa Sack Design 1 products. Both Defendants have shown willful, tortious action by refusing to remove infringing items from their shops and by continuing to sell and promote the infringing items.

16. Defendant Amanda Collins has established large buy-in groups on Facebook where she facilitates pre-ordering of the infringed Santa Sack Design 1 to numerous industry resellers. This large-scale facilitation of obtaining the infringing items is causing thousands of infringing items to be placed in the hands of dozens of resellers across the United States, making the infringement of Santa Sack Design 1 widespread and severe.

17. Prior to the creation of the infringing Santa Sack Design 1 products, Defendant Amanda Collins deceptively obtained a template copy of Santa Sack Design 1 from the Plaintiff. Collins used third party Conspirator Kelly Smith to place an order for Plaintiff's Santa Sack Design 1 in template form, with no personalization, and had Plaintiff ship it directly to Amanda Collins. With possession of a template form, non-personalized Santa Sack Design 1, a person has access to copy the design and have the product reproduced.

Timeline of Events

18. 11/10/15: Plaintiff creates original design Santa Sack Design 1. (Exhibit A, Exhibit B)
19. 11/10/15: Plaintiff publishes Santa Sack Design 1 for sale on Etsy printed on a santa sack product.
20. 11/10/15: Plaintiff publishes image of Santa Sack Design 1 on personal Facebook page.
21. 11/10/15: Plaintiff sells first Santa Sack Design 1 item.
22. 11/10/15 - 12/31/15: Plaintiff sells 645 items with Santa Sack Design 1 displayed. The item rises to the first result on Etsy natural search results for queries "santa sack" and

COMPLAINT

"santa bag." The item earns first spot Etsy ad placement for queries "santa sack" and "santa bag." Exposure for the Plaintiff's item, brand, and Etsy shop become significant.

23. 12/3/15: Plaintiff takes new photo of santa sacks displaying Santa Sack Design 1, and publishes photo to her Etsy shop as main image of the item displaying Santa Sack Design 1. The photo will furthermore be referred to as Santa Sack Design 1 Photo. (Exhibit C, Exhibit D). The photo was taken in the Plaintiff's home, and other photos in this series serve as evidence of where the photo was taken.

24. 7/10/16: Unbeknownst to Plaintiff, Defendant Amanda Collins conspires with Kelly Smith to deceptively obtain Plaintiff's Santa Sack Design 1 product in template form without a personalized name. Conspirator Kelly Smith contacts Plaintiff through her Etsy shop, asking Plaintiff where she buys the santa bags, if she sells Santa Sack Design 1 bags wholesale without personalized names, and the cost of wholesale. Plaintiff never responds to Smith. On 7/25/16 Smith purchases a santa sack from Plaintiff and contacts Plaintiff again, asking for the name to be left off the bag because it is to be a gift for her "sister" and her "sister's" baby's name may be changed. Plaintiff fulfills request and sends order without the name printed on it. Smith enters the order's shipping address and shipping name to be that of Defendant Amanda Collins. Plaintiff fulfills request and ships product to Defendant Amanda Collins.

25. 7/11/16 Unbeknownst to Plaintiff, Defendant Amanda Collins creates a Facebook event titled "Santa Sacks #1 Design Pre-order" illegally using Plaintiff's photo, Santa Sack Design 1 Photo, as the event's main image. (Exhibit E). As previously cited, Santa Sack Design 1 Photo was taken by Plaintiff in Plaintiff's home for use in her Etsy shop. Collins subsequently used the same photo for proceeding events she hosted selling the infringing items. (Exhibit F).

26. 7/11/16 Unbeknownst to Plaintiff, Defendant Amanda Collins posts Defendant's Santa Sack Design 1 item for sale on Facebook Buy-In group, "Silhouette & Cricut Blank Buy-In". Dozens of group members submit pre-orders for hundreds of infringing Santa Sack Design 1 items.

COMPLAINT

27. 7/12/16  Unbeknownst to Plaintiff, Defendant Amanda Collins posts Defendant's Santa Sack Design 1 item for sale on her business Facebook page, "The Tutu Boutique".

28. 7/25/16:  (cited earlier) Kelly Smith purchases a santa sack from Plaintiff and contacts Plaintiff again, asking for the name to be left off the bag because it is to be a gift for her "sister" and her "sister's" baby's name may be changed.  Plaintiff fulfills request and sends order without the name printed on it.  Smith enters the order's shipping address and shipping name to be that of Defendant Amanda Collins.  Plaintiff fulfills request and ships product to Defendant Amanda Collins.

29. 7/29/16:  Defendant Amanda Collins receives Plaintiff's Santa Sack Design 1 product, with child's name area blank, via USPS. USPS confirms delivery to "Amanda Collins" with tracking number 9300189843900155470507. The order was presented fraudulently to the Plaintiff as a gift for a child. Possession of a template form non-personalized Santa Sack Design 1 would allow a person to copy the design and have the product reproduced.

30. August 2016 - September 2016:  Unbeknownst to Plaintiff, Defendant Amanda Collins has infringing items with Santa Sack Design 1 manufactured and starts fulfilling orders taken in her Facebook Buy-in group, Silhouette & Cricut Blank Buy-In in July, selling over a thousand infringing santa sacks to group members with Santa Sack Design 1 displayed.  Defendant Collins hosts 2 more buy-in events for the illegally produced items on the dates of 8/1/16 and 9/18/16 (closing 10/27/16).  (Exhibit F).  Potentially thousands of infringing santa sacks are put in the hands of numerous resellers.

31. August 2016 - November 2016:  Unbeknownst to Plaintiff, members of Defendant Amanda Collins' Facebook Buy-in group, Silhouette & Cricut Blank Buy-In, start selling their infringing santa sacks with Santa Sack Design 1 across the United States in various forums and channels, including online ecommerce channels, directly impacting sales for Plaintiff's Etsy shop.

32. 10/5/16  Plaintiff first discovers instance of copyright infringement.  Plaintiff discovers Defendant Kelli Gravelle is selling an infringing Santa Sack Design 1 item on Etsy in her

COMPLAINT

shop "KellisCraftsandmore". (Exhibit G). Plaintiff submits a Copyright Infringement Notice to Etsy, and Etsy removes Gravelle's infringing listing.

33. 10/5/16  Plaintiff and Defendant Kelli Gravelle exchange messages through Etsy. Plaintiff informs Gravelle that she is selling an infringing item and directs her not to list the item for sale again. Communication ensues between Plaintiff and Defendant, where Plaintiff attempts to ascertain where Gravelle obtained her infringing design. On several instances, Defendant Kelli Gravelle lies and contradicts herself. Gravelle refuses to cooperate. Gravelle falsely states that she obtained the product from an overseas supplier but states she could not remember the name. Defendant Kelli Gravelle is later learned by Plaintiff to have been a participant in Defendant Amanda Collins' Facebook Buy-In group, and it is learned that Gravelle obtained her infringing items there.

34. 10/5/16  Plaintiff discovers Defendant Amanda Collins is selling an infringing Santa Sack Design 1 item on Etsy in her shop "TutuBoutique1". Collins is also using the Plaintiff's Santa Sack Design 1 Photo (that was taken in the Plaintiff's home) as her the main product image for the infringing item. Plaintiff submits a Copyright Infringement Notice to Etsy, and Etsy removes Collins' infringing listing. Defendant Amanda Collins has not relisted the infringing item on Etsy as of 11/3/16. Collins has, however, continued to take large quantity orders and make sales on Facebook (Exhibit H), and possibly other outlets, of the infringing item.

35. 10/6/16:  Plaintiff submits Federal Copyright registration with United States Copyright Office for Santa Sack Design 1. Copyright case # 1-4057726391, with first creation date 11/10/15.

36. 10/6/16  Defendant Kelli Gravelle willfully and fraudulently files a DMCA Counter Notice on the infringing item, to allow her to repost the item on Etsy. After being informed that the Santa Sack Design 1 was an original creation by Plaintiff, Gravelle falsely agrees to the statement under penalty of perjury that "you have a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material."

COMPLAINT

37. 10/29/16: Plaintiff discovers that Gravelle relists her infringing item for sale on Etsy. Plaintiff submits a second copyright infringement notice to Etsy to have Gravelle's item removed.

38. 11/1/16: Plaintiff informs Gravelle that a lawsuit would be filed if the infringing item were to be relisted by Gravelle.

39. 11/2/16: Plaintiff discovers the source of the original copyright infringement: Defendant Amanda Collins' infringing activity on Facebook. Plaintiff discovers Collins' Facebook Buy-in group, Silhouette & Cricut Blank Buy-In, and discovers for the first time that Collins was selling the infringing item through the buy-in group. Plaintiff discovers Kelli Gravelle was a part of the buy-in group and obtained her infringing items there.

40. 11/3/16: Gravelle relists the infringing item for sale on Etsy.

41. 11/3/16: Defendant discovers that Gravelle is also selling the infringing item on various online sales groups on Facebook.

**COUNT ONE:**

**COPYRIGHT INFRINGEMENT**

42. Plaintiff repeats and re-alleges paragraphs 1 though 40 as if fully set forth in this Paragraph.

43. Plaintiff is the exclusive copyright owner for Santa Sack Design 1 and has Copyright Registration filed with the Register of Copyrights. Case # 1-4057726391.

44. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and redistribute the copyrighted material to the public and prepare derivative works.

45. Without knowledge of or permission from the Plaintiff, the Defendants have participated in reproducing and selling the Plaintiff's copyrighted material to the public. Defendants have obtained no license or any other form of permission to use, copy, reproduce, distribute, sell, or create derivative works of Santa Sack Design 1. Defendants have

COMPLAINT

committed infringement upon Plaintiff's exclusive rights. The Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

46. The Defendants' infringing acts have been willful, intentional and persistent, with complete disregard to the Plaintiff's copyright and exclusive rights under copyright.

47. The Defendants have profited substantially from their infringing activities and should be held liable for all profits derived.

48. Due to the Defendants' willful infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

49. Unless ordered to cease by the Court, the Defendants' infringing actions will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Pursuant to 17 U.S.C. § 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright, and ordering of Defendants to destroy all copies of the infringing work made in violation of Plaintiff's exclusive rights.

**WHEREFORE,** Plaintiff Jennifer Mountain requests that this Court enter judgment as follows:

1. The issuance of a permanent injunction enjoining Defendants and their agents, servants, employees, successors, assigns, representatives and all others in concert and privity with them from selling, distributing, reproducing or publicizing any product bearing Santa Sack Design 1 or any image of Santa Sack Design 1.

2. An order directing all Defendants pay to Plaintiff Jennifer Mountain all actual damages suffered by Plaintiff as a result of Defendants' acts of copyright infringement, together with interests and costs, and that such damages be trebled due to the willful acts described above, which acts were committed in knowing disregard of Plaintiff's known rights.

COMPLAINT

3. An order restraining Defendants, their agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from interfering with Plaintiff's Etsy shops and Plaintiff's other channels of business.

4. That Defendants surrender all merchandise that bears Plaintiff's copyright, Santa Sack Design 1, and any derivatives of Santa Sack Design 1, for destruction.

5. That Defendants pay compensatory and treble damages to Plaintiff.

6. That Defendants disgorge all profits realized from the sale of merchandise that bears Plaintiff's copyright.

7. That Defendants pay Plaintiff's cost of this suit.

8. Such other and further relief as the Court shall find just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury for this case.

Respectively submitted November 7, 2016

By *[signature]*

Jennifer Mountain
4414 Stonecrest
Springdale, AR 72762
479-283-0063

*Plaintiff Pro Se*

COMPLAINT

-10-